UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TERRELL ARON,

        Defendant.

FILE NO. 15-CR-1 (MJD/TNL)

REPORT & RECOMMENDATION

Jeffrey S. Paulsen, **United States Attorney's Office**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

Shannon R. Elkins, **Office of the Federal Defender**, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for Defendant.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Terrell Aron's Motion to Suppress Search and Seizure (ECF No. 18). The Court held a motions hearing on February 24, 2015. (*See* ECF No. 27.) Assistant United States Attorney Amber Brennan appeared on behalf of the Government. Shannon Elkins appeared on behalf of Defendant. The Government offered and the Court received Government Exhibit 1, a November 7, 2014 Application for Search Warrant and Supporting Affidavit to search both (1) the premises located at 26xx Irving Avenue North in Minneapolis, Minnesota ("the Irving Address"); and (2) Defendant. Based on all the files, records and proceedings herein, and for the reasons set forth below, the Court will recommend that Defendant's motions be denied.

## I.   FINDINGS OF FACT

On November 7, 2014, Sergeant Twila Villella of the Minneapolis Police Department submitted an affidavit in support of a search warrant to a Hennepin County District Judge attesting to the following:

Sergeant Villella has been assigned to the violent crimes investigation division of the Minneapolis Police Department. (Gov't Ex. 1 at 2.) Law enforcement had been investigating Defendant for illegal possession of firearms. (*Id.*) Defendant is a convicted felon who cannot legally possess firearms. (*Id.*) He has convictions for aggravated robbery, robbery for the benefit of a gang, and fourth-degree assault. (*Id.*) Defendant had been observed at the Irving Address, which police records listed as Defendant's address. (*Id.*)

In the last week of October 2014, a confidential reliable informant ("CRI") informed law enforcement that while conducting a controlled purchase of marijuana at the Irving Address, the CRI had recently seen Defendant possessing a handgun inside the Irving Address. (*Id.*) According to the CRI, Defendant drove the CRI to his marijuana source and facilitated the purchase. (*Id.*)

In the 72 hours preceding Sergeant Villella's presentation of the affidavit to the Hennepin County District Judge, law enforcement had observed Defendant at the Irving Address. (*Id.*) The same CRI was directed to go to the Irving Address. (*Id.*) The CRI again observed Defendant with a handgun. (*Id.*).

Sergeant Villella further stated in the affidavit that the CRI "ha[d] provided information in the past that has been found to be reliable" and "ha[d] provided

information that law enforcement has been able to confirm and use in criminal investigations." (*Id.*)

Based on the representations in his affidavit, Sergeant Villella obtained a warrant to search the Irving Address signed by Hennepin County District Judge Marta M. Chou, District Court Judge of Minnesota's Fourth Judicial District in Hennepin County. (*Id.* at 3.) Judge Chou signed the warrant at 4:20 p.m. on November 7, 2014. (*Id.* at 5.) Law enforcement executed the warrant at 6:55 p.m. the same day. (*Id.*) In the search, officers recovered, *inter alia*, a digital scale, miscellaneous markings in Defendant's name, and one Taurus brand handgun. (*Id.*)

## II.   CONCLUSIONS OF LAW

Defendant now moves to suppress the fruits of the November 7, 2014 search of the Irving Address, arguing that (1) the search warrant was not supported by probable cause, and (2) the *Leon* good-faith exception does not apply. (Def.'s Mem. in Supp. at 3-7.)

### A.  Legal Standard

Probable cause determinations "d[o] not deal with hard certainties, but with probabilities." *Illinois v. Gates*, 462 U.S. 213, 231 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)); *United States v. Vega*, 676 F.3d 708, 717 (8th Cir. 2012).

"Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993) (citing *Draper v. United States*, 358 U.S. 307, 313 (1959)).

### B. Irving Address Warrant Was Supported by Probable Cause

Sergeant Villella's affidavit supporting the warrant application contained, *inter alia*, the following information:

> Law enforcement has been investigating [Defendant] for the illegal possession of firearms. [Defendant] is a convicted felon who cannot possess firearms legally. He has convictions for aggravated robbery, robbery for the benefit of a gang, and fourth degree assault. [Defendant] has been observed at [the Irving Address] in Minneapolis, Minnesota. This address is noted as [Defendant]'s in the Minneapolis police reporting system.
>
> In the last week of October, 2014, a confidential reliable informant (CRI) was inside of [the Irving Address] with [Defendant]. They observed [Defendant] to possess a .40 handgun. The CRI conducted a controlled purchase of marijuana in this encounter. [Defendant] drove the CRI to his ([Defendant]'s) source of marijuana and facilitated the purchase for the CRI.
>
> Within the last 72 hours, [Defendant] was observed, by law enforcement at [the Irving Address]. The same CRI was directed to go to the address. The CRI also saw [Defendant] with a handgun on this occasion.
>
> This CRI has provided information in the past that has been found to be reliable. The CRI has provided information that law enforcement has been able to confirm and use in criminal investigations.

(Gov't Ex. 1 at 2.)

Defendant argues that the affidavit fails to establish probable cause. The Court disagrees. From the above affidavit, the reader can reasonably conclude that the CRI obtained narcotics from Defendant in two controlled buys that were observed by law enforcement officers. *See*, *e.g.*, *United States v. Smith*, 266 F.3d 902, 905 (8th Cir. 2001) (determining an affidavit reporting police surveillance of a controlled buy was "sufficient to provide probable cause even though the confidential informant was not previously known to the police"). In addition, the CRI had already informed law enforcement that he had recently seen Defendant in possession of a handgun at the Irving Address, which law enforcement had corroborated as Defendant's address. *See United States v. Humphreys*, 982 F.2d 254, 258-59 (8th Cir. 1992) (noting that "where the informants' information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause"). Accordingly, in light of the totality of the circumstances, the independently corroborated details of the CRI's tip, and the "considerable deference" that reviewing courts give to probable-cause determinations of issuing judges, *United States v. Bieri*, 21 F.3d 811, 815 (8th Cir. 1994), this Court determines that the affidavit contains sufficient facts to establish a reasonable belief that evidence of a crime would be found in searching the Irving Address.

### C. *Leon* Good-Faith Exception Would Apply

Even assuming, *arguendo*, that the affidavit failed to establish probable cause, the Court determines that the officers executing the warrant "acted in objectively reasonable reliance on a warrant issued by a neutral magistrate." *United States v. Gibson*, 928 F.2d 250, 253 (8th Cir. 1991) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "In the

ordinary case, an officer cannot be expected to question the magistrate's probable cause determination or his judgment . . . ." *Leon*, 468 at 921. "[A]bsent allegations that the [issuing judge] was not neutral, 'suppression is appropriate only if the officers were dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Formaro*, 152 F.3d 768, 771 n.4 (8th Cir. 1998) (citing *United States v. Fulgham*, 143 F.3d 399, 401-02 (8th Cir. 1988) (quoting *Leon*, 468 U.S. at 926)).

The exclusionary rule was judicially created to provide an effective deterrent against unlawful police conduct and its purposes are not served by suppressing evidence where police officers rely in reasonable good faith on a properly obtained warrant. *E.g.*, *United States v. Thomas*, 263 F.3d 805, 808 (8th Cir. 2001). Here, nothing indicates that Sergeant Villella acted in reckless disregard for the truth when preparing the affidavit, or that Judge Chou was anything other than neutral and detached when reviewing the affidavit and issuing the warrant. *United States v. Murphy*, 69 F.3d 237, 242 (8th Cir. 1995). Neither was the warrant "so facially lacking in probable cause as to preclude the executing officer's good faith reliance thereon." *United States v. McNeil*, 184 F.3d 770, 775 (8th Cir. 1999). In executing the warrant, law enforcement relied in good faith on the probable-cause determination of a neutral magistrate. The warrant set out with particularity the place to be searched as required by the Fourth Amendment. Accordingly, Defendant's motion to suppress must also be denied on good faith grounds.

## III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence (ECF No. 18) be **DENIED.**

Date:  April 14, 2015                                             s/ Tony N. Leung
                                                                                Tony N. Leung
                                                                                United States Magistrate Judge
                                                                                District of Minnesota

                                                                                *United States v. Aron*
                                                                                File No. 15-cr-1 (MJD/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **April 28, 2015**.