## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                             **ORDER**
                              Criminal File No. 15-1 (MJD/TNL)

(1) TERRELL ARON,

       Defendant.

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Shannon R. Elkins, Office of the Federal Defender, Counsel for Defendant.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Tony N. Leung dated April 14, 2015. Defendant filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b).

Defendant raises objections to the characterization of the facts in two sentences in the Report and Recommendation. The affidavit recites that the confidential reliable informant ("CRI") visited Defendant twice at the Irving

1

Address and that, on each occasion, the CRI observed Defendant with a handgun. As to the controlled purchase, the affidavit recounts that the CRI was inside of the Irving Address and observed Defendant with a handgun. During this encounter, the CRI conducted a controlled purchase of marijuana. The Defendant drove the CRI to Defendant's marijuana source and facilitated the CRI's purchase of marijuana. Defendant objects that two particular sentences in the Report and Recommendation do not accurately reflect these facts as stated in the affidavit. The Court will modify the Report and Recommendation to clarify the facts as presented in the search warrant affidavit. However, none of the asserted factual discrepancies are material to the Court's analysis.

The first sentence of the third paragraph on page 2 of the Report and Recommendation states: "In the last week of October 2014, a confidential reliable informant ("CRI") informed law enforcement that while conducting a controlled purchase of marijuana at the Irving Address, the CRI had recently seen Defendant possessing a handgun inside the Irving Address." The next sentence clarifies that "Defendant drove the CRI to his marijuana source and facilitated the purchase." Defendant objects that the first sentence implies that the CRI obtained marijuana at the Irving Address, when, in fact, the encounter between

the CRI and Defendant that included the controlled purchase began at the Irving Address but the marijuana was actually purchased from Defendant's source at a second location.  In the interest of clarity, the Court amends the first sentence of the third paragraph on page 2 of the Report and Recommendation to state:  "A confidential reliable informant ("CRI") informed law enforcement that, during the last week of October 2014, in the course of an encounter with Defendant that began at the Irving Address and during which the CRI conducted a controlled purchase of marijuana, the CRI had seen Defendant possessing a handgun inside the Irving Address."

The third sentence of the first paragraph on page 5 of the Report and Recommendation states: "From the above affidavit, the reader can reasonably conclude that the CRI obtained narcotics from Defendant in two controlled buys that were observed by law enforcement officers."  Defendant objects that marijuana, not narcotics, was at issue; only one controlled purchase occurred; and Defendant did not directly provide marijuana to the CRI.  The Court amends the third sentence of the first paragraph on page 5 of the Report and Recommendation to state: "From the above affidavit, the reader can reasonably conclude that Defendant facilitated the CRI obtaining marijuana from

Defendant's source in a controlled buy that occurred during an encounter that began at the Irving Address and that was observed by law enforcement officers."

The above amendments do not alter the soundness of the Report and Recommendation's analysis.  The primary purpose of the search was to recover the firearm that the CRI had seen Defendant possess twice at the Irving Address. Additionally, the warrant clearly supports the conclusion that Defendant met the CRI at the Irving Address and that Defendant facilitated the CRI's purchase of marijuana from Defendant's source in an interaction that began at the Irving Address, all in an encounter which was observed by law enforcement.

Moreover, Defendant's unsupported claims in his objection that he was not on the lease of the Irving Address, that he was not billed for the utilities at that address, that his girlfriend had only lived in the home for one month, that he had provided a different address during his last police contact, and that he had no previous police contacts at that address do not change the analysis.  These allegations have no evidentiary support.  Even if the Court were to consider the allegations, they do not alter the Court's reasoning because Defendant does not assert that the statement in the search warrant affidavit that the Irving address was "noted as ARON's in the Minneapolis police report system" was inaccurate.

Additionally, law enforcement had observed Defendant at the Irving Address, and the CRI had twice observed Defendant at the Irving Address in possession of a firearm.

Based upon that review, the Court adopts, as modified, the Report and Recommendation of United States Magistrate Judge Leung dated April 14, 2015.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS, as modified above,** the Report and Recommendation of United States Magistrate Judge Tony N. Leung dated April 14, 2015 [Docket No. 35].

2. Defendant's Motion to Suppress Evidence [Docket No. 18] is **DENIED**.

Dated:   May 22, 2015         s/Michael J. Davis
                              Michael J. Davis
                              Chief Judge
                              United States District Court