UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                   **MEMORANDUM OF LAW & ORDER**
                      Criminal File No. 15-1 (MJD/TNL)

(1) TERRELL DAYVONTE DESHAY ARON,

      Defendant.

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Terrell Dayvonte Deshay Aron, pro se.

## I. INTRODUCTION

This matter is before the Court on six pro se motions by Defendant Terrell Dayvonte Deshay Aron: Motion to Appoint Counsel [Docket No. 70], Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 71], Motion to Amend Pursuant to Rule 15 of Federal Rules of Civil Procedure [Docket No. 73], Motion for Representation of Counsel Pursuant to 18 U.S.C. § 3006A [Docket No. 75], Motion for Discovery

1

Pursuant to Rule 16 [Docket No. 76], and Motion to File a Supplemental Motion [Docket No. 79].

## II. BACKGROUND

On July 16, 2015, Defendant Terrell Dayvonte Deshay Aron pled guilty to Count 1 of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Although the Indictment charged Defendant as an Armed Career Criminal under 18 U.S.C. § 924(e)(1), the Court concluded that the enhanced sentence did not apply, and Defendant was not sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). The Court calculated Defendant's total offense level to be 21 based on Defendant's two felony convictions for crimes of violence: Minnesota first degree aggravated robbery and Minnesota simple robbery, U.S.S.G. § 2K2.1(a)(2). (PSI ¶¶ 17, 34, 35.)

The Court calculated Defendant's criminal history to be category V, based on a criminal history score of 11 consisting of: 4 points for first degree aggravated robbery and second degree assault with a dangerous weapon (PSI ¶ 34), 3 points for simple robbery (¶ 35), 2 points for fourth degree assault (¶ 36), and 2 points for theft (¶ 37).

On November 3, 2015, the Court sentenced Defendant to 87 months in prison, at the high end of the Guideline range. Defendant did not appeal his sentence.

Defendant has now filed a motion to vacate his conviction and sentence on the grounds that, under Johnson v. United States, 135 S. Ct. 2551 (2015), his prior offenses do not qualify as crimes of violence under the Sentencing Guidelines and that his attorney provided ineffective assistance of counsel in failing to object to his prior simple robbery conviction being classified as a crime of violence under the Sentencing Guidelines.

Defendant has also filed a Motion to Amend, seeking to add an additional claim to his § 2255 Motion. He asserts that his counsel was also ineffective in failing to seek to suppress a surveillance video of Defendant holding a gun. The Court grants the motion to amend and will consider the claim set forth in that motion. Defendant further requests that the Court appoint counsel to assist him in briefing his § 2255 motion and that the Court grant him discovery.

### III. DISCUSSION

**A.  Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

### B. Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). The burden is on Defendant to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A

4

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a "strong presumption" that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by a reasonable attorney under the same circumstances." Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990) (citing Strickland, 466 U.S. at 687).

5

## C. Characterization of Defendant's Prior Offenses

Defendant pled guilty and was sentenced after the United States Supreme Court issued its opinion Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that the residual clause of the Armed Career Criminal Act, which imposes an increased mandatory minimum prison sentence for any felony that "involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. 135 S. Ct. at 2557, 2563.

Johnson has no applicability to Defendant's case. No statutory mandatory minimum was at issue in Defendant's sentencing. The Court did not apply the Armed Career Criminal Act, at issue in Johnson, to Defendant at sentencing. Recently, the Supreme Court held that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles v. United States, 137 S. Ct. 886, 890 (2017).

With regard to the Guidelines, the Court applied U.S.S.G. § 2K2.1(a)(2) based on finding that Defendant had at least two felony convictions for a crime of violence. Under the then-applicable Guidelines,

> [t]he term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Application note 1 further provided that the term "Crime of violence" included robbery. (The current Guidelines list robbery as an enumerated crime of violence within the body of U.S.S.G. § 4B1.2(a)(2).)

Defendant points to United States v. Bell, in which the Eighth Circuit held that a Missouri second degree robbery conviction did not qualify as a crime of violence under U.S.S.G. § 4B1.2. 840 F.3d 963, 964 (8th Cir. 2016). Bell addressed a Missouri statute. Under current, binding Eighth Circuit precedent, including a case issued after the Bell decision, Minnesota simple robbery is a crime of violence. See, e.g., United States v. Rembert, 851 F.3d 836, 840 n.2 (8th Cir. 2017) (holding Minnesota simple robbery is a crime of violence under the Guidelines); United States v. Raymond, 778 F.3d 716, 717 (8th Cir. 2015).

Additionally, Minnesota simple robbery requires more than de minimis force. See Minn. Stat. § 609.24 (requiring that defendant "use[] or threaten[] the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying

7

away of the property"). "Minnesota courts have consistently required force capable of causing physical pain or injury in order to commit simple robbery." See United States v. Taylor, No. CR 15-91 (JNE/LIB) (1), 2017 WL 506253, at *5 (D. Minn. Feb. 7, 2017) (extensively analyzing Minnesota cases). Moreover, a lesser included offense in Minnesota simple robbery is fifth degree assault, which, itself, is a violent felony. Taylor, 2017 WL 506253, at *6; United States v. Maxwell, 823 F.3d 1057, 1061–62 (7th Cir. 2016), cited with approval in Rembert, 851 F.3d at 840 n.2. Unlike the Missouri statute at issue in Bell, Minnesota simple robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), that is "violent force—[] force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

Thus, the Court holds that Minnesota simple robbery qualified as a crime of violence under the Guidelines. See, e.g., Taylor, 2017 WL 506253, at *7; United States v. Spight, No. CR 13-254 (DWF/TNL), 2017 WL 947286, at *6 n.10 (D. Minn. Mar. 6, 2017). Defense counsel's advice to Defendant that simple robbery so qualified did not prejudice Defendant and was not deficient. Nor can Defendant show that counsel's performance was deficient for failing to argue to the Court

that his prior simple robbery conviction should not be categorized as a crime of violence under the Sentencing Guidelines.

### D. Videotape

Defendant further asserts that his counsel was ineffective for failing to move to suppress a video taken by a confidential informant of Defendant, his family, and the interior of his dwelling without a search warrant. He further claims that counsel provided erroneous legal advice that the recording was legal and would be presented against him if he went to trial. Defendant argues that, because no warrant was obtained for the videotaping, the video would have been suppressed at trial. He claims that, if counsel had informed him that the video would have been suppressed if he had proceeded to trial, he would not have pled guilty.

The video at issue was recorded on a body camera worn by an informant who met with Defendant in Defendant's girlfriend's residence. (PSI ¶ 7.) The video shows Defendant holding a gun. (Id.)

An audio recording of a meeting in which at least one participant consented to the recording is explicitly permitted by statute. See 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such

9

person is a party to the communication or one of the parties to the communication has given prior consent to such interception."). Thus, the audio portion of the video was permissible. See United States v. Corona-Chavez, 328 F.3d 974, 980 (8th Cir. 2003).

While the Eighth Circuit does "not adopt every technical requirement of Title I," it does "look to the procedures set forth in Title I for guidance in implementing the Fourth Amendment with regard to silent video surveillance." United States v. Falls, 34 F.3d 674, 680 (8th Cir. 1994). In this case, the confidential informant's "presence and consent to the [video] surveillance rendered it unreasonable for [Defendant] to expect privacy with regard to their meeting." Corona-Chavez, 328 F.3d at 981. "[A]n undercover agent's warrantless use of a concealed audio-video device in a home into which he has been invited by a suspect does not violate the Fourth Amendment." United States v. Wahchumwah, 710 F.3d 862, 868 (9th Cir. 2013). See also United States v. Thompson, 811 F.3d 944, 947, 950 (7th Cir. 2016) (holding that informant's covert video recording does not violate a person's reasonable expectation of privacy in a residence); United States v. Brathwaite, 458 F.3d 376, 380–81 (5th Cir. 2006) (same); United States v. Davis, 326 F.3d 361, 366 (2d Cir. 2003) (same).

"[J]ust as [Defendant] gave up any expectation of privacy in the things that he allowed [the CI] to hear, [Defendant] also gave up any expectation of privacy in the things that he allowed [the CI] to see." Brathwaite, 458 F.3d at 381 (citation omitted). Because video surveillance of the interior of a residence by a confidential informant who has been invited in does not violate the Fourth Amendment, Defendant cannot show that his counsel's advice was prejudicial or fell below an objective standard of reasonableness. Defendant's § 2255 motion is denied.

### E. Request for Appointment of Counsel [Docket Nos. 70, 75]

Defendant has clearly presented his arguments to the Court. The Court concludes that neither the facts nor the legal issues in this case are so complex that counsel should be appointed. The Court can resolve Defendant's claims based on the pre-existing record. Appointment of counsel would benefit neither Defendant nor the Court. See Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995). Defendant's motion for appointment of counsel is denied.

### F. Motion for Discovery [Docket No. 76]

Defendant has filed a one-paragraph motion cursorily requesting "all discovery pertaining to case number 15-1(1)," including "documents and objects,

reports of examinations and test, movant's written or recorded statement, and movant's prior criminal record."

> A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Rule 6(a), however, provides that '[a petitioner] shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'

Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (citation omitted).

Here, Defendant has made no allegations under which, "if the facts are fully developed," he may be entitled to relief. Id. (citation omitted). There is no good cause to grant Defendant's motion for discovery. Therefore, the Court denies the motion for discovery.

### G. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Terrell Dayvonte Deshay Aron's Pro Se Motion to Appoint Counsel [Docket No. 70] is **DENIED**.

2. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 71] is **DENIED**.

3. Defendant's Motion to Amend Pursuant to Rule 15 of Federal Rules of Civil Procedure [Docket No. 73] is **GRANTED**.

4. Defendant's Motion for Representation of Counsel Pursuant to 18 U.S.C. § 3006A [Docket No. 75] is **DENIED**.

5. Defendant's Motion for Discovery Pursuant to Rule 16 [Docket No. 76] is **DENIED**.

6. Defendant's Motion to File a Supplemental Motion [Docket No. 79] is **GRANTED** in that the Court considered the argument set forth by Defendant in Docket No. 79.

7. The Court denies a Certificate of Appealability in this case.

8. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 8, 2017                s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court